```
              IN THE UNITED STATES DISTRICT COURT
                 WESTERN DISTRICT OF ARKANSAS
                      HOT SPRINGS DIVISION


BARBARA ANN WILLIAMS (formerly FOWLER)                PLAINTIFF

v.                        No. 6:10-CV-06026

FARMERS INSURANCE CO., INC.                           DEFENDANT
```

## MEMORANDUM OPINION AND ORDER

Currently before the Court are Defendant's Motion for Summary Judgement and supporting documents (Docs. 10-12), Plaintiff's Response and supporting documents (Docs. 15-18), and Defendant's Reply to Plaintiff's Response (Doc. 19). Defendant Farmers Insurance Co., Inc. ("Farmers") filed a Motion for Summary Judgment against Plaintiff, Barbara Ann Williams, claiming Williams is not entitled to insurance payments for damages resulting from a fire at Williams's home, contending that Williams violated various policy conditions resulting in her losses being excluded from coverage. For the reasons reflected herein, Defendant's Motion for Summary Judgment (Doc. 10) is **GRANTED**.

### I. Standard of Review

In determining whether summary judgment is appropriate, the burden is placed on the moving party to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986); *Nat'l. Bank of Commerce of El Dorado, Ark. v. Dow Chem. Co.*, 165 F.3d 602 (8th Cir. 1999). The

Court must review the facts in a light most favorable to the party opposing a motion for summary judgment and give that party the benefit of any inferences that logically can be drawn from those facts. *Canada v. Union Elec. Co.,* 135 F.3d 1211, 1212-13 (8th Cir. 1998) *(*citing *Buller v. Buechler,* 706 F.2d 844, 846 (8th Cir. 1983)*.* In order for there to be a genuine issue of material fact, the non-moving party must produce evidence "such that a reasonable jury could return a verdict for the nonmoving party." *Allison v. Flexway Trucking, Inc.,* 28 F.3d 64, 66 (8th Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248(1986)).

**II. Background**

It is undisputed that Barbara Williams obtained a homeowners insurance policy from Farmers (the "Policy") which provided coverage for the loss of personal property in her residence as a result of fire at the time Williams's house was destroyed by fire on May 19, 2004. Williams filed a Complaint (Doc. 2) against Farmers claiming breach of contract due to Farmers' refusal to cover Williams's losses under the Policy. In their Motion for Summary Judgment, Farmers contends that Williams's loss is excluded from coverage under the terms of various conditions to coverage included in the Policy. Specifically, the Policy contains the following relevant provisions:

> "*Intentional Acts*. If any insured directly causes or arranges for a loss to covered property in order to obtain insurance benefits, this policy is void.

> [Farmers] will not pay you or any other insured for this loss." (Doc. 10-1 at p. 12).

> "*Suit Against Us*. [Farmers] may not be sued unless there has been full compliance with all the terms of this policy . . ." (Doc. 10-1 at p. 13).

> "*Duties After Loss*. In case of an occurrence the insured will . . . cooperate and assist [Farmers] in any matter relating to a claim or suit." (Doc. 10-1 at pp. 16-17).

> "*Concealment or Fraud.* This entire policy is void if any insured has knowingly and willfully concealed or misrepresented any material fact or circumstance relating to this insurance before or after the loss." (Doc. 10-1 at p. 17).

Farmers contends that Williams is not entitled to coverage of her losses because she intentionally caused the fire which destroyed her home and because she knowingly and willfully misrepresented material facts related to the value of property she lost in the fire. Farmers further claims that Williams did not fulfill her duty to cooperate with Farmers in the matter relating to this suit and so was not in full compliance with all the terms of the Policy.

**III. Discussion**

The Court will first address Farmers' claim of

misrepresentation. "Under Arkansas law, the language of the insurance contract governs whether an insurer may withhold coverage on the basis of the insured's allegedly false statement." *Brawner v. Allstate Indem. Co.*, 591 F.3d 984, 989 (8th Cir. 2010) (citing *Warren v. State Farm Fire & Cas. Co.*, 531 F.3d 693, 699 (8th Cir. 2008)). Pursuant to the Policy in this case, a material misrepresentation exists where the insured "knowingly and willfully concealed or misrepresented any material fact or circumstance relating to this insurance before or after the loss." (Doc. 10-1 at p. 17). "[A] misrepresentation is 'material' if it is 'reasonably relevant to the insurer's investigation' and pertains to facts or circumstances that are relevant to the insurer's rights 'to decide upon its obligations and to protect itself against false claims.'" *Id*. at 991 (quoting *Warren*, 531 F.3d at 699). Farmers has the burden of proving that Williams made a material misrepresentation relating to the insurance before or after the loss. *Id.* at 989.

Williams submitted to Farmers on June 3, 2004 a signed Proof of Loss statement claiming $85,000 in personal property loss as a result of the fire, declaring the facts stated on the form to be true and correct and requesting Farmers to rely on those facts. (Doc. 10-4 at p. 2). In a letter written to Farmers by Williams's then-counsel on January 25, 2005, Williams represented to Farmers that the actual cost of the personal property in her home at the time of the fire was $118,731.28, and that the replacement cost of the personal property was $127,967.91. (Doc. 10-9). In a Cost list attached to the letter, Williams listed three items with

replacement values of over $14,000 each. (Doc. 1-5 at p. 2). Williams also confirmed at her deposition that the cost to replace the contents of her home in 2004 would have been $127,967.91. (Doc. 10-10 at p. 4). In 2002, however, Williams declared in a bankruptcy proceeding that the value of her personal property was $19,325.00 and that $14,111.00 of that amount was exempt. (Doc. 10-7 at pp. 5-6). In her deposition, Williams could not account for the discrepancy in personal property values, claiming that she did not make any significant purchases nor otherwise acquire $110,000 worth of property in the two intervening years between the bankruptcy and the fire. (Doc. 10-10 at pp. 5-7). Williams also stated that she did not remember anything in the house that would have been valued at over $14,000. *Id.* at 5.

Although this Court is required to draw all reasonable inferences in favor of Williams, the Court is not "entitled to give a party the benefit of unreasonable inferences, or those at war with the undisputed facts." *Liberty Mutual Fire Ins. Co. v. Scott*, 486 F.3d 418, 422 (8th Cir. 2007) (quoting *Larson v. Miller*, 76 F.3d 1446, 1452 (8th Cir. 1996). The facts the Eighth Circuit considered in *Scott* are substantially similar to the facts presented in the case currently before the Court. In *Scott*, the Eighth Circuit upheld a ruling denying coverage to Scott under her policy's "concealment or fraud" provision, agreeing with the District Court that "no rational jury would be able to reconcile [the insured's] stated personal property in the bankruptcy and in the insurance claim . . ." *Id*. The discrepancy in value in *Scott*

was just under $100,000 with a time period of less than a year between the bankruptcy and insurance claims. In this case, the discrepancy is slightly larger and the time period a little longer, but the reasoning of the case is equally applicable.

Williams seeks to account for the discrepancy by citing differing methods of valuation or more information coming to light. That is neither reasonable nor appropriate. "[T]he vast difference between the . . . values is . . . too great to be reconciled based on the record before us." *Id.* at 423. The Court must assume, absent any contrary evidence, that Williams made a true and accurate representation of the value of her personal property during her bankruptcy. Williams has presented no evidence that would account for the almost ten-fold increase in value of her personal property in the two years after her bankruptcy, and admits that she made no significant acquisitions of property. Williams also admitted that she had no property worth over $14,000, contrary to what was presented in a cost listing provided to Farmers by Williams's former lawyer. The only reasonable inference, then, is that Williams knowingly and willfully made a material misrepresentation to Farmers in submitting her personal property claim. The language in the Policy clearly and unambiguously voids coverage for misrepresentations made "relating to this insurance before or *after* the loss." (Doc. 10-1 at p. 17)(emphasis added). "When an insurance contract is unambiguous, as the contract in this case, the policy will be enforced as written." *Rowan v. Std. Fire Ins. Co.*, 2010 U.S. App. LEXIS 24354 at *4 (8th Cir. 2010).

The Court finds that Williams knowingly and willfully misrepresented the value of the personal property contained in her home at the time of the fire, and that the misrepresentation was material in that it related to the insurance, was "reasonably relevant to the insurer's investigation" and pertains to facts or circumstances that are relevant to the insurer's rights "to decide upon its obligations and to protect itself against false claims." *See Warren*, 531 F.3d at 699. The valuation of personal property covered under a homeowner's insurance policy is central to the ability of an insurer to investigate a claim and to decide upon its obligations under a policy. Williams's misrepresentation therefore voids Williams's coverage under the Policy.

The Court need not discuss the "Intentional Acts" or "Duties After Loss" conditions, for Williams's misrepresentation voids the entire policy, without any necessity to rule on those issues.

**IV. Conclusion**

Defendant's Motion for Summary Judgment is hereby **GRANTED.**


**IT IS SO ORDERED this 11th day of January, 2011.**


/s/ Robert T. Dawson
Robert T. Dawson
United States District Judge